he was assaulted and beaten by *Godshall Barnes, cum aliis,* to wit, *Thomas* and *James Barnes;* but having elected to sever the actions, he must sever the proof. The *alle-gata* and *probata* must correspond. That there was no proof of any previous concert or combination between the *Barnes's.*

*Brawner,* for the appellee, contended, 1. Whether or not the plea of *son assault demesne* was supported, was a matter of fact for the consideration of the jury upon the whole of the evidence. He cited 1 *Bac. Ab.* tit. *Assault and Battery,* 246, 247; and *Esp. Dig.* 315.

2. Where there has been a joint assault and battery, and the plaintiff severs his actions, all the facts occurring at the time may go to the jury at the trial of either action. *Esp. Dig.* 317, 319, 321.

JUDGMENT AFFIRMED.

---

COURT OF APPEALS, JUNE TERM, 1822.

FRAZIER *et al.* Lessee *vs.* HALL.

IN this case a judgment was recovered by the plaintiff in an action of ejectment in the late general court, at May term 1790.

*Mayer* for the plaintiff, moved the court, that the term of the demise laid in the declaration be enlarged to one hundred years. He cited *Vicars vs. Hayden,* 2 *Cowp.* 841, and *Turner et al. vs. Worthington et al.* in this court at June term 1817, (a).

MOTION OVERRULED.

(a) *Turner et al. vs. Worthington et al.* in this court at June term 1817, was, on an appeal from a decree of the court of chancery, on a bill of injunction filed in December 1803, by the appellants, to stay proceedings at law on a judgment recovered in an action of ejectment by the appellees' lessee against the appellants, in the late general court at May term 1802, and affirmed on writ of error in the late court of appeals at November 1803, and for other relief The chancellor, by his decree, dissolved the injunction, and dismissed the bill. An appeal was brought to this court; and the decree having been affirmed,

*Taney,* for the appellees, moved the court at this term, for an enlargement of the term of the demise stated in the declaration of ejectment, it having expired. The object was to enable the plaintiff at law to proceed on his judgment, by issuing a writ of *habere facias possessionem.* He cited *Vickars vs. Hayden,* 2 *Cowp.* 841, and the acts of assembly of 1805, *ch.* 65, *s.* 8, 18, 28, 39, and 1806, *ch.* 41, *s* 4.

---

*[margin notes]*

June 1822.

Frazier
vs
Hall

A motion to enlarge the term of the action of ejectment, wherein judgment had been rendered in the late general court in 1790, refused.

Where a judgment in ejectment rendered in the late general court in 1802, had been enjoined by injunction, and the case brought to and affirmed in the court of appeals, on appeal from chancery. the term of the demise laid in the declaration was enlarged. (note)

The record of a deed in 1757, corrected so as to make it conformable with the original. (note)

JUNE 1822.

COURT OF APPEALS, JUNE TERM, 1822.

Law
vs
Scott

LAW vs. SCOTT.

In an action of slander for words spoken, by which the nomination of the plaintiff to an office of profit was rejected by the senate of the United States, the defendant's pleas of guilty as to part, and a special justification as to the residue, and that the words were spoken out of the limits and jurisdiction of the state—Held to be bad on demurrer.

The service of copies of the interrogatories which accompany a commission on the adverse party a sufficient time before the issuing of the commission the motion to enable him to file cross interrogatories, is sufficient notice of the issuing of the commission, and of the time and place of its execution.

The testimony of a senator of the U. S. that the plaintiff's nomination had been rejected by the senate, is admissible evidence, where the plaintiff had applied to the senate for the removal of the injunction of secrecy in relation to such rejection, and fixed in the application.

These words of a deposition, "but the charges above mentioned, from their character, could not have failed to have produced its rejection, even if there existed no other reason for it; and they doubtless, I presume, had a very considerable effect in producing it," being the opinion only of the witness, are not competent evidence. It is competent, however, for the witness to say, that such charges caused him to vote against the nomination.

Evidence of the misconduct of the plaintiff, in parti-

APPEAL from *Charles* county court. This was an action of slander, brought by the now appellee against the appellant. The declaration, after the usual introductory words in actions of slander of the plaintiff's being a good, true, honest and faithful citizen, &c. stated, "and whereas the plaintiff had been nominated by the president of the *United States*, to the senate thereof, for the office of commissioner of claims, &c. Yet the defendant well knowing the premises, but contriving, and wickedly and maliciously intending to injure the plaintiff in his aforesaid good name, fame and credit, and wholly to destroy

*Martin*, for the appellants, resisted the motion, and contended that this court had no power over the records of the late general court and court of appeals, so as to make amendments or grant the motion He doubted whether either of those courts, if in existence, could allow the amendment to be made after 16 years. He cited *Hunter vs. Fairfax*, 1 *Munf.* 218, 237. 7 *Cranch*, 631, S. C.

*Taney*, in reply, referred the court to the application made to this court at June term 1816, by *William Holmes*, to have the record of an old deed in 1737 corrected so as to make it conformable with the original, there being a mistake in one of the courses, where the court ordered the correction to be made.

CHASE, Ch. J. delivered the opinion of the court, (a). The words of the clause in the act of 1805, ch. 65, s. 18, are full and comprehensive, directing the records of the general court for the western shore, (meaning the records of proceedings of that court,) to be deposited with the clerk of the court of appeals for the western shore, and kept, in the same manner, as the records of the court of appeals for the western shore, are kept. By the act of 1806, ch 41, s 4, all executions which have issued, or shall issue on *judgments* of the general court, shall have the same effect, and may be proceeded on in the same manner, as executions on judgments of the court of appeals. This is a plain recognition of the judgments of the general court, being records of the court of appeals, and gives validity and legal operation to the acts of the clerk of the court of appeals who issued executions. If the records of the general court are considered as the records of the court of appeals, to enable the clerk of that court to issue executions thereon, *a fortiori*, they must be considered as the records of the court of appeals, to enable the court of appeals to do an act necessary for the attainment of justice, in a case too in which no *laches* or negligence can be imputed to the plaintiff, and the delay has been occasioned by the defendants, aided by the intervention of the court of chancery in exercise of its equitable jurisdiction. If the court have the power to grant the enlargement of the term, it ought to be exercised, because justice requires it. The court order the term to be enlarged, by striking out the word *ten*, wherever it occurs in the declaration, in ejectment, and inserting in lieu thereof the word *thirty*.

MOTION GRANTED.

(a.) *Buchanan, Martin* and *Dorsey*, J. present.